UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CLAYTON HARVEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BANNER HEALTH, et al.,<br><br>　　　　　　Defendants. | 2:24-cv-00917-ART-BNW<br><br>ORDER GRANTING UNOPPOSED MOTION TO TRANSFER OR CHANGE VENUE (ECF No. 35) |

　　　Plaintiff John Clayton Harvey brings this action against Defendant Banner Health, alleging that Defendant "forced injections of mind disabling drugs on Plaintiff." (ECF No. 12 at 4.) Pending before the Court is Defendant's motion to dismiss (ECF No. 13) and Plaintiff's motion to transfer this case to the District of Arizona (ECF Nos. 35, 36). The Court grants Plaintiff's unopposed motion to transfer and denies Defendant's motion to dismiss without prejudice.

**I.　　DISCUSSION**

　　　Under 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]" 28 U.S.C. § 1404(a).

In making this evaluation, courts may consider several factors, including: "(1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498–99.

Defendant does not oppose Plaintiff's request. (ECF No. 37.) Defendant explains that previous lawsuits based on the same allegations, including *John Clayton Harvey v. Banner Health* 2:22-cv-02192, have been filed in the District of Arizona. (*Id.*) Plaintiff is a citizen of Nevada and Defendant is a citizen of Arizona. (ECF No 12 at 3-4.) The events giving rise to this lawsuit occurred in the state of Arizona. (*Id.* at 4.) The Court therefore finds that transfer is appropriate.

## II. CONCLUSION

The Court therefore orders that Plaintiff's motion to transfer (ECF Nos. 35, 36) is granted.

The Court further orders that Defendant's motion to dismiss (ECF No. 13) is denied without prejudice to reasserting the motion in the District of Arizona.

The Clerk of the Court is instructed to transfer this case to the United States District Court for the District of Arizona and close this case.

DATED: February 11, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE