1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9   John Clayton Harvey,                    No. CV-25-00592-PHX-KML

10                  Plaintiff,               **ORDER**

11  v.

12  Banner Health,

13                  Defendant.

14

15        Plaintiff John Clayton Harvey's amended complaint alleges defendant Banner

16  Health impermissibly injected him with "mind disabling drugs" and then "conspired

17  against [him] to stop his pursuit of justice" in previous cases Harvey filed against Banner

18  Health. (Doc. 12 at 4.) The claims Harvey is attempting to litigate in the present suit were

19  dismissed with prejudice by the Maricopa County Superior Court. Arizona law regarding

20  claim preclusion means the present suit must be dismissed.

21        Harvey's complaint does not provide a clear explanation of the factual background

22  for his claims, but Banner Health states Harvey "was involuntarily committed at a Banner

23  Health hospital on two occasions in June 2020 and May 2022." (Doc. 48 at 2.) That does

24  not appear to be entirely accurate as there is evidence of interactions between Harvey and

25  Banner Health in March 2019. But whatever the exact dates, Harvey has filed repetitive

26  suits against Banner Health and associated individuals. The following background is based

27  on Banner Health's motion to dismiss and publicly-available records from Harvey's many

28  suits. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364

1    (9th Cir. 1998) (taking judicial notice of records in state court litigation).

2            On May 11, 2022, Harvey filed in Maricopa County Superior Court a suit against

3    Neeraj K. Vij, an individual associated with Banner Health. *See* Maricopa Cnty. Super. Ct.,

4    CV2022-092003. On May 16, 2022, Harvey filed a separate suit also in Maricopa County

5    Superior Court against Banner Health. *See* Maricopa Cnty. Super. Ct., CV2022-092086.

6    That suit asserted a "medical malpractice claim." D. Ariz. No. CV-22-846, Doc. 7 at 1. The

7    next day, May 17, 2022, Harvey filed two suits in the District of Arizona, one against

8    Banner Health and one against Neeraj K. Vij. D. Ariz. Nos. CV-22-846; CV-22-847. These

9    four suits all seem to have stemmed from the same events. According to one of the federal

10   complaints, on March 20, 2019, Harvey "was complaining of the effects of medical

11   marijuana" when he was taken to a Banner Health hospital and improperly injected with

12   "morphine, psychotropic [sic], and drugs." D. Ariz. No. CV-22-846, Doc. 1. The state court

13   suits were dismissed after Harvey failed to respond to motions to dismiss. The federal suits

14   were dismissed for lack of federal jurisdiction.

15           On December 29, 2022—a few months after his federal suits were dismissed—

16   Harvey filed another case in the District of Arizona against Banner Health. D. Ariz. No.

17   CV-22-2192. That complaint alleged that on May 26, 2022, Harvey was "force injected

18   many times with mind altering drugs." D. Ariz. No. CV-22-2192, Doc. 1 at 4. In September

19   2023, that suit was dismissed for lack of subject matter jurisdiction. D. Ariz. No. CV-22-

20   2192, Doc. 31.

21           On October 5, 2023, Harvey filed another case in Maricopa County Superior Court

22   against Banner Health. (Doc. 48-1 at 2.) The complaint in that case alleged Harvey had

23   been "injected with drugs," presumably in March 2019, and "again in late May of 2022."

24   (Doc. 48-1 at 3.) Harvey alleged those injections occurred after Banner Health was "served

25   with Summons and Complaint[s]" from Harvey's previous cases. (Doc. 48-1 at 3.) Banner

26   Health moved to dismiss and on May 1, 2024, the state court dismissed the complaint.

27   (Doc. 48-1 at 7.) The state court later entered a judgment of dismissal with prejudice. (Doc.

28   48-1 at 11.) Harvey filed a notice of appeal but did not keep his address updated so the mail

1     was returned to the superior court. It is unclear whether the appeal remains pending.

2           On May 15, 2024, Harvey filed the present case against Banner Health in the District

3     of Nevada. The operative complaint alleges Banner Health "forced injections of mind

4     disabling drugs" and then "conspired and acted against [Harvey] to stop his pursuit of

5     justice" in two prior federal suits, CV-22-846 and CV-22-847. (Doc. 12 at 4.)  The District

6     of Nevada transferred the case to this court and Banner Health filed a motion to dismiss.

7     (Doc. 40, 48.)

8           Banner Health's sole argument for dismissal is that Harvey's current claims are

9     barred by res judicata. (Doc. 48.) Banner Health relies on the state court case that was

10    dismissed with prejudice on May 1, 2024, and argues "[t]he parties and claims are

11    identical" between that suit and this one, and the state court suit ended with a judgment on

12    the merits in favor of Banner Health. (Doc. 48 at 3.) Harvey's opposition to the motion to

13    dismiss argues the present suit is based on Banner Health "stop[ing] the lawsuits" he filed

14    in May 2022. (Doc. 49 at 2.) Harvey also argues Banner Health "stopped" him from

15    pursuing "legal action concerning his brother and nephew," although it is not clear what

16    Harvey is referencing. (Doc. 49 at 3.) Harvey states his brother and nephew were

17    hypnotized in Michigan, and his brother died while Banner Health "had [Harvey]." (Doc.

18    49 at 4.) But again, it is not clear what connection these events have to the present suit and

19    they are not mentioned in the operative complaint.

20           "[F]ederal courts [must] apply the *res judicata* rules of a particular state to

21    judgments issued by courts of that state." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322

22    (9th Cir. 1988). Banner Health argues the judgment by the Maricopa County Superior

23    Court issued in 2024 precludes this suit. It is therefore Arizona law that must be applied.

24    Under Arizona law, "a party seeking to invoke the doctrine [of res judicata] must establish

25    (1) an identity of claims in the suit in which a judgment was entered and the current

26    litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or

27    privity between parties in the two suits." *Lawrence T. v. Dep't of Child Safety*, 438 P.3d

28    259, 261–62 (Ariz. Ct. App. 2019). The state court case dismissed with prejudice in May

2024 involved the same claims by Harvey against Banner Health as the present suit. And the state court entered a final judgment on the merits against Harvey. *See Roden v. Roden*, 243 P. 413, 415 (Ariz. 1926) ("A judgment of dismissal 'with prejudice' is the same as a judgment for defendant upon the merits, and, of course, is res judicata as to every matter litigated."). The elements of res judicata are met and Harvey cannot pursue his claims.[1]

**IT IS ORDERED** the Motion to Dismiss (Doc. 48) is **GRANTED**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 22nd day of April, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**

---

[1] It is possible that Harvey's appeal of the 2024 judgment is still pending in the Arizona Cour of Appeals. That does not impact the analysis because Arizona has adopted the rule "that an appeal from a judgment does not suspend the effect of the judgment as res judicata between the parties." *Arizona Downs v. Superior Ct. of Arizona, Maricopa Cnty.*, 623 P.2d 1229, 1232 (Ariz. 1981).

- 4 -